**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ISRAEL CASTRO VALDEZ; SANDRA CORNEJO RODRIGUEZ,<br><br>Petitioners,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No.   16-71745<br><br>Agency Nos.   A089-245-835<br>                        A089-245-836<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2022[**]

Before:      SILVERMAN, MILLER, and BUMATAY, Circuit Judges.

Israel Castro Valdez and Sandra Cornejo Rodriguez, natives and citizens of

Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order

dismissing their appeal from immigration judge's decision denying their

applications for withholding of removal and relief under the Convention Against

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings and we review de novo questions of law. *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014). We deny the petition for review.

Substantial evidence supports the agency's determination that petitioners failed to establish that the harm they experienced or fear was or will be on account of a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (an applicant "must provide *some* evidence of [motive], direct or circumstantial"); *see also Pagayon v. Holder*, 675 F.3d 1182, 1191 (9th Cir. 2011) (a personal dispute, standing alone, does not constitute persecution on account of a protected ground). Thus, petitioners' withholding of removal claims fail.

In their counseled opening brief, petitioners do not contend the BIA erred in finding the proposed social group they raised in the first instance on appeal was not properly before it. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in an opening brief are waived). In light of the waiver of this dispositive determination, we need not reach petitioners' contentions as to the merits of the proposed social group. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach). Petitioners' related claim that the BIA violated their right to due process fails. *See Lata v. INS*, 204 F.3d

1241, 1246 (9th Cir. 2000) (error is required to prevail on a due process claim).

Substantial evidence supports the agency's denial of CAT relief because petitioners failed to show that it is more likely than not that they will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (possibility of torture too speculative).

The stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**